UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JEROME LUCAS,<br><br>               Petitioner,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | CIV. 15-5082-JLV<br><br>ORDER |

**Introduction & Procedural History**

Before the court is petitioner Jerome Lucas' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  (Docket 1).  Mr. Lucas pled guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1).  United States v. Jerome Lekendric Lucas, CR. 06-50057-AWB, Dockets 17 & 20.[1]  Mr. Lucas' prior violent felony convictions subjected him to a statutorily mandated fifteen-year minimum term of imprisonment under the Armed Career Criminal Act ("ACCA").  Lucas CR., Docket 18; see also 18 U.S.C. § 924(e)(1).  On April 30, 2007, the court sentenced Mr. Lucas to fifteen years in prison followed by five years of supervised release.  (Lucas CR., Docket 26 at p. 1).

On March 25, 2013, Mr. Lucas filed his first motion to vacate, set aside or correct his sentence.  Jerome Lucas v. United States, CIV. 13-5021,

---

[1]The court references Mr. Lucas' criminal case as "Lucas CR., Docket __."

Docket 1.² The court adopted the magistrate judge's report and recommendation, dismissed Mr. Lucas' § 2255 petition with prejudice and declined to issue a certificate of appealability. (Lucas CIV. 1, Docket 8). Mr. Lucas did not appeal.

On June 26, 2015, the United States Supreme Court determined the residual clause of the ACCA was unconstitutionally vague. Johnson v. United States, 135 S. Ct. 2551, 2563 (2015) (holding "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process"). On October 30, 2015, the United States Court of Appeals for the Eighth Circuit granted Mr. Lucas' petition to file a successive habeas action in federal district court. (Docket 1-2 at p. 1). On November 16, 2015, Mr. Lucas filed his second § 2255 petition seeking to be resentenced based on the Supreme Court's decision in Johnson. (Docket 1). On December 22, 2015, the Federal Public Defender for North Dakota and South Dakota, on behalf of Mr. Lucas, filed a supplement to the § 2255 petition. (Docket 5). Mr. Lucas asserts he is eligible for immediate release. Id. at 1.

The government responded to Mr. Lucas' petition conceding he was no longer an armed career criminal in light Johnson. (Docket 7 at p. 6). The government agreed Mr. Lucas' sentence should be vacated and he should be resentenced without the ACCA sentencing enhancement. Id. The government requests the court resentence Mr. Lucas to a term of imprisonment within the

---

²The court references Mr. Lucas' first § 2255 petition as "Lucas CIV. 1, Docket __."

ten-year maximum authorized for the offense of felon in possession of a firearm. Id.; see also 18 U.S.C. § 924(a)(2).  Mr. Lucas, through counsel, responded and indicated he has already served 111 months in prison.  (Docket 8 at p. 1).  Mr. Lucas asserts his non-ACCA sentencing guideline range is 70 to 87 months based on a non-ACCA total offense level of 21 and a non-ACCA criminal history category of V.  Id.  Mr. Lucas requested a term of supervised release of three years or less.  Id.

## DISCUSSION

Generally, a defendant who is found guilty of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) is subject to a maximum term of imprisonment of ten years.  18 U.S.C. § 924(a)(2).  Previously, if the defendant had three or more prior convictions for a "serious drug offense" or a "violent felony," the ACCA imposed a minimum term of imprisonment of fifteen years up to life in prison.  18 U.S.C. § 924(e)(1); see also Johnson, 135 S. Ct. at 2555. The ACCA defines "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is what is known as the ACCA's residual clause. Johnson, 135 S. Ct. at 2555-56. In holding the residual clause was unconstitutionally vague, the Supreme Court reasoned "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law."[3] Id. at 2557.

Following Johnson, the Eighth Circuit vacated a defendant's sentence enhanced under the career offender sentencing guideline and remanded the case to the district court to determine if the residual clause of the career offender guideline is unconstitutional. United States v. Taylor, 803 F.3d 931, 933 (8th Cir. 2015); see also U.S.S.G. § 4B1.2(a)(2). The Eighth Circuit explained its prior reasoning "that the guidelines cannot be unconstitutionally vague because they do not proscribe conduct is doubtful after Johnson." Taylor, 803 F.3d at 933 (referencing its reasoning in United States v. Wivell, 893 F.2d 156, 159 (8th Cir. 1990)). The Taylor decision also noted that "[a]fter Johnson, the Supreme Court vacated and remanded for reconsideration two guideline sentences using

---

[3]The Supreme Court made clear that its decision in Johnson did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony." Id. at 2563.

the residual clause."[4]  Id. at 932-33 (citation omitted); see also United States v. Cornejo-Lopez, No. 8:15CR46, 2015 WL 7274060, at *3-4 (D. Neb. Nov. 17, 2015).

The Eighth Circuit's judgment and mandate authorizing Mr. Lucas to file a successive habeas petition gives the court jurisdiction to review the legality of his sentence. (Dockets 1-2 & 1-3). Mr. Lucas "can properly challenge an 'erroneous designation as an armed career criminal under the ACCA' through a § 2255 [habeas] petition." United States v. Schultz, No. CR 13-214 (DWF/JSM), 2015 WL 5853117, at *2 (D. Minn. Oct. 7, 2015) (quoting United States v. Newbold, 791 F.3d 455, 459-60 (4th Cir. 2015)). Mr. Lucas' second § 2255 petition was timely filed following the Supreme Court's decision in Johnson. See 28 U.S.C. § 2255(f)(3). The government concedes Mr. Lucas' petition was timely filed. (Docket 7 at p. 6).

The court turns to the prior violent felony convictions underlying Mr. Lucas' designation as an armed career criminal. See Lucas CR., Docket 18 (the statement of factual basis supporting Mr. Lucas' plea agreement). The government acknowledges Mr. Lucas' juvenile adjudications for second degree

---

[4]The Eighth Circuit noted "[t]he residual clause of the sentencing guideline uses identical language to the ACCA, including as a 'crime of violence' any felony that 'otherwise involves conduct that presents a serious potential risk of physical injury to another.'" Taylor, 803 F.3d at 932 (quoting U.S.S.G. § 4B1.2(a)(2)); see also United States v. Boose, 739 F.3d 1185, 1187 n.1 (8th Cir. 2014) (construing "violent felony" under the ACCA and "crime of violence" under the sentencing guidelines as interchangeable).

motor vehicle theft on January 23, 1998, and theft from person on September 9, 2002, no longer qualify as violent felony convictions under the ACCA.[5]   (Docket 7 at pp. 4-5).   The court agrees.

With regard to Mr. Lucas' juvenile adjudication for second degree motor vehicle theft in violation of Colo. Rev. Stat. Ann. § 18-4-409(4) (West 1997), the Eighth Circuit held "[i]n construing whether auto theft and auto tampering are crimes of violence, we look at what is commonly referred to as the 'otherwise' [or residual] clause of 18 U.S.C. § 924(e)(2)(B)(ii) . . . ."   United States v. Steward, 598 F.3d 960, 963 (8th Cir. 2010) (quoting United States v. Williams, 537 F.3d 969, 972 (8th Cir. 2008) (internal quotation marks omitted)).   In light of the government's concession and because the Johnson Court invalidated the residual clause, Mr. Lucas' motor vehicle theft adjudication no longer qualifies as a predicate violent felony conviction under the ACCA.

---

[5]The statement of factual basis in Mr. Lucas' criminal case (Lucas CR., Docket 18) appears to contain a typographical error as it states the date of the offense as "7/7/97," while the actual date on which Mr. Lucas committed the motor vehicle theft was September 27, 1997.   (Lucas CR., presentence report, ¶ 26).

The government's acknowledgment that Mr. Lucas' juvenile adjudication for motor vehicle theft no longer qualifies as a violent felony under the ACCA appears to reference a different offense from that contained in Mr. Lucas' statement of factual basis.   Compare Lucas CR., Docket 18 at p. 1, with Lucas CR., presentence report ¶¶ 26, 27.   However, the same violent felony analysis applies to both offenses.   Regardless, the government's separate acknowledgment that Mr. Lucas' theft from person adjudication no longer qualifies as a violent felony leaves him without the predicate three prior violent felony convictions for sentencing as an armed career criminal under § 924(e)(1).

With regard to Mr. Lucas' juvenile adjudication for theft from person in violation of Colo. Rev. Stat. Ann. § 18-4-401(5) (West 2001), the Tenth Circuit determined the statute qualified as a crime of violence only by reason of the residual clause found in the sentencing guidelines.  United States v. Neal, 505 F. App'x 755, 757-58 (10th Cir. 2012).  The residual clause language contained in the sentencing guideline mirrors the residual clause contained in the ACCA. See supra footnote 4.  The Eighth Circuit determined that a similar theft from person statute in Minnesota qualified as a violent felony under the ACCA by reason of the residual clause.  See United States v. Abari, 638 F.3d 847, 849-51 (8th Cir. 2011).  Because the Johnson Court invalidated the ACCA residual clause, Mr. Lucas' theft from person adjudication no longer qualifies as a predicate violent felony conviction.

At least two of the three prior convictions used to enhance Mr. Lucas' sentence no longer constitute violent felony convictions under the ACCA.  The court finds Mr. Lucas is no longer subject to a sentencing enhancement under the ACCA and, therefore, is not subject to its fifteen-year mandatory minimum term of imprisonment.

In light of the nearly identical language and interpretation of the residual clauses of the ACCA and the sentencing guideline, the court finds the residual clause of U.S.S.G. § 4B1.2(a)(2) is unconstitutionally vague.  The government agreed.  The court's finding is consistent with the growing list of courts that have reached the same conclusion following Johnson.  See, e.g., United States

v. Madrid, 805 F.3d 1204, 1210 (10th Cir. 2015) ("The concerns about judicial inconsistency that motivated the Court in Johnson lead us to conclude that the residual clause of the Guidelines is also unconstitutionally vague."); United States v. Darden, 605 F. App'x 545, 546 (6th Cir. 2015) (per curiam) (holding a defendant could not receive an enhanced sentenced under the residual clause of § 4B1.2(a)(2) following Johnson); Cornejo-Lopez, 2015 WL 7274060, at *7 ("Just as the iteration of the [residual] clause in 18 U.S.C. § 924(e) is unconstitutionally vague, so too is the residual clause of U.S.S.G. 4B1.2."); United States v. Litzy, CR. No. 3:15-00021, 2015 WL 5895199, at *7 (S.D.W. Va. Oct. 8, 2015) ("This Court holds that enhancing a convicted individual's sentence under the residual clause of the career offender enhancement, § 4B1.2(a)(2), denies due process of law because the residual clause is unconstitutionally vague."); and Petrillo v. United States, No. 3:08-CV-1204 (JBA), 2015 WL 7574744, at *7 (D. Conn. Nov. 25, 2015) ("Because the Government acknowledges that the Guidelines may be unconstitutionally vague and because the Supreme Court recently held that language identical to § 4B1.2 is unconstitutionally vague, by the Government's own admission, if [the defendant] were sentenced today, he would not be sentenced as a career offender."); but see United States v. Matchett, 802 F.3d 1185, 1195 (11th Cir. 2015) (holding that the vagueness doctrine does not apply to advisory sentencing guidelines, notwithstanding the government's position that the residual clause of § 4B1.2(a) was unconstitutionally vague following Johnson).

Mr. Lucas has served in excess of 111 months in prison. (Docket 8 at p. 1). The court, counsel for Mr. Lucas, the government and United States Probation are in agreement that Mr. Lucas' guideline total offense level is 21 and his criminal history is category V, which results in a sentencing guideline range of 70 to 87 months. If the court resentenced Mr. Lucas, he would receive a sentence of 87 months with 3 years supervised release.[6] However, Mr. Lucas has already served over two years in prison beyond the top-end of his sentencing guideline range following <u>Johnson</u>. Mr. Lucas is entitled to immediate release.

**ORDER**

Good cause appearing,

IT IS ORDERED that the petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (Docket 1) is granted.

IT IS FURTHER ORDERED that the United States Bureau of Prisons immediately release Mr. Lucas from custody.

IT IS FURTHER ORDERED that an amended judgment will follow.

IT IS FURTHER ORDERED that the Clerk of Court shall provide a copy of this order to the United States Probation Office.

Dated February 10, 2016.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE

---

[6]Because the new statutory maximum term of imprisonment for Mr. Lucas is only ten years under § 924(a)(2), the statutory maximum period of supervised release is three years—not the five years to which he was originally sentenced. See <u>Lucas CR.</u>, Docket 26 at p. 3; <u>see</u> also 18 U.S.C. § 3583(b)(2).